———————o———————

### No. 6311.

## WIDOW OTTO TOUCHE, ET AL., vs. JOSEPH BRANDNER.

### Syllabus.

One who sustains no injury to his private rights—no special damage not suffered by the public generally—by reason of another unauthorized appropriation to private use of a portion of the shores and bed of Lake Pontchartrain, title to which is vested in the State for public use, is without authority to maintain an action to enjoin such appropriation.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 105,485. Honorable T. C. W. Ellis, Judge.

A. D. Danziger, for plaintiff and appellant.

A. M. Buchman, for defendant and appellee.

— 230 —

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiffs, claiming to be the owners of property fronting on Lake Pontchartrain, complain that defendant is trespassing upon their property and interfering with their rights in and enjoyment of that portion of the lake in front of their property by building a wharf or pier reaching out into the lake and extending from plaintiff's land.

After trial upon the merits the suit was dismissed, the injunction which plaintiffs had secured was dissolved and they now appeal.

We are of opinion that plaintiff's property does not, as alleged, border upon the lake, and that consequently, since they will sustain no invasion of any private right and no special injury not suffered by the public generally by reason of the construction of the wharf or pier upon the shores and bed of the lake, title to which is vested in the State in trust for public use, they are without right to maintain this action, the case being governed by the doctrine announced by this Court in the case of **Krantz & Habans vs. Nonan & Higginbotham, 4 Court of Appeal Reports, pp. 264, 268.**

Plaintiffs' property consists of the "Northwest Corner" of Section 10 in Township 12, South Range 11, East, the whole of said section having been acquired by plaintiffs' author by patent from the State of Louisiana in 1882. Neither in the patent from the State nor in plaintiff's deed of acquisition is Section 10 or any part thereof described as fronting upon the lake. Furthermore, the governmental plat to which reference is made in the patent, the subsequent Grandjean survey referred to in plaintiffs' deed, and the more recent survey which plaintiffs

— 231 —

caused to be made by their own surveyor, all affirmatively and unmistakably disclose upon their face that plaintiffs' line does not extend to the lake, but that on the contrary there existed and now exists between their line and the shore line a strip of ground varying in width from 40 feet to 200 feet or more and extending along the whole of plaintiffs' property.

Nor is there any merit in plaintiffs' claim to a prescriptive title to this strip. Apparently the title thereto is in the State, and even if it has passed into private ownership the evidence fails to show that plaintiffs' adverse possession antedated their deed of purchase in 1884, that is commenced more than 30 years prior to the institution of these proceedings in 1913.

We find no error in the judgment and it is affirmed.

Affirmed.

Opinion and decree, April 19, 1915.

Rehearing refused, May 17, 1915.

Claiborne, J., dissents.